IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD RICHARD CHURCHILL, | ) | |
| #27879-177, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0347-G |
| | ) | ECF |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This *pro se* action, purporting to be a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, is brought by a federal prisoner currently confined at FCI Beaumont in Beaumont, Texas, pursuant to a term of imprisonment imposed by this Court on July 23, 2002, in *United States v. Churchill*, Cause No. 3:01cr373-G(01) (N.D. Tex., Dallas Div.), *affirmed*, No. 02-10905 (5th Cir. Oct. 6, 2003). Thereafter, this Court denied his motion to vacate sentence under 28 U.S.C. § 2255. *Churchill v. United States*, Cause No. 3:05cv114-G (N.D. Tex. Jul. 6, 2006), *appeal presently pending before Fifth Circuit in* No. 06-10925.[1]

Statement of Case: Petitioner alleges the convicting court in the Northern District of

---

[1] In accordance with Clerk's Office internal procedures, a § 2241 habeas petition filed by a federal prisoner sentenced in the Dallas Division is directly assigned to the sentencing judge.

Texas lacked subject matter jurisdiction to try and tp convict him of the underlying crimes in his criminal case. (Petition at 1-2). He explains that he "*was not* on *any* federal land as described in Title 18 U.S.C. § 7 . . . [n]or did the federal government meet the statutory requirements under Title 40 USCA § 3112" to acquire jurisdiction over the land. (*Id.*) (emphasis in original).

Prior to filing this action, Petitioner unsuccessfully filed two § 2241 habeas corpus petitions in the custodial court in the United States District Court for the Eastern District of Texas. *Churchill v. Outlaw*, No. 1:06cv101 (E.D. Tex., Beaumont Div., Dec. 18, 2006) (dismissing § 2241 petition for failing to meet savings clause of § 2255); *Churchill v. Outlaw*, No. 1:06cv803 (E.D. Tex., Beaumont Div., Jan 23, 2007) (same).[2]

Findings and Conclusions: Although Petitioner denominates his current petition as one for relief under 28 U.S.C. § 2241 (*see* Pet. at 1), the petition clearly seeks to attack the validity of his federal conviction and, thus, the legality of the sentence that he is currently serving. A collateral attack on a federal criminal conviction is generally limited to a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 habeas petition is properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Tolliver*, 211 F.3d at 877-88. Habeas relief under § 2241 may be appropriate only when the remedy provided under § 2255 is "inadequate or ineffective," the so-called "savings clause." *Jeffers*, 253 F.3d at 830.[3] "A § 2241 petition is not, however, a substitute for a motion under § 2255, and

---

[2] These prior § 2241 petitions did not raise the same claim at issue in this case.

[3] The savings clause of § 2255 states as follows:
An application for a writ of habeas corpus in behalf of a prisoner who is

2

the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Id.*

Insofar as Petitioner seeks relief under § 2241, under the savings clause of § 2255, this Court lacks jurisdiction to determine whether his claims are properly brought under § 2241. Petitioner is currently incarcerated in the Beaumont Division of the Eastern District of Texas. "Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) (same).

Even if the § 2241 petition were liberally construed as a motion to vacate under 28 U.S.C. § 2255, this Court would likewise lack jurisdiction to adjudicate his claims. Petitioner filed one previous § 2255 motion and has not obtained prior authorization from the Fifth Circuit Court of Appeals to file a successive motion under § 2255. *See United States v. Key*, 205 F.3d 773, 774-75 (5th Cir. 2000) (district court lacked jurisdiction to consider § 2255 motion unless leave to file the same is granted by the Court of Appeals for the Fifth Circuit); and 28 U.S.C. §§ 2255 and 2244(b)(3)(A).[4]

RECOMMENDATION:

---

    authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention.*

(Emphasis added).

    [4] A search of the Fifth Circuit website does not reflect the filing of a recent motion for leave to file. It appears, however, that in 2006, while his first § 2255 motion was pending before this Court, Petitioner filed a motion for leave to file a successive § 2255 motion, which the Fifth Circuit dismissed as premature.

3

For the foregoing reasons it is recommended that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be DISMISSED for want of jurisdiction.

A copy of this recommendation will be mailed to Petitioner.

Signed this 30th day of July, 2007.

_WM. F. Sanderson, Jr._
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.